The bill discloses this state of affairs: The defendant Tomassi erected a building for the complainants under a contract and specifications, duly filed. The contract price, $16,400, was paid as stipulated in the contract, except the last installment. Ten materialmen filed stop-notices in due form, after demand, and the contractor has not disputed their validity although duly noticed. Tomassi, the contractor, filed a lien claim for $9,538.88. The complainants posted *Page 263 
with the county clerk $10,200 to discharge the mechanics' lien. Thereafter Tomassi recovered a judgment of $5,667.98 and the judgment was paid out of the fund in the hands of the clerk by order of the circuit court.
The gravaman of the bill is, that the complainants withdrew their exceptions to the referee's report upon which the judgment was entered and consented to the entry of judgment and its payment out of the fund "upon being assured" by Tomassi that the stop-notice claimants "had been taken care of;" which turned out to be untrue and, relied upon, the complainants lost their opportunity to compel the application of the judgment money to the payment of the stop-notice claimants by an interpleader suit. The prayer of the bill is that Tomassi be ordered to pay the money he thus received into this court and that he and the stop-notice claimants interplead, that the complainants be discharged of further liability and that the defendants be enjoined from further pressing him.
The stop-notice claimants have no concern with the fund paid into the circuit court. That stood solely as security for the contractor's mechanics' liens. Their claims are personal against the complainants to the extent of the unpaid contract price at the time of notice and for more if some of the installments, due after notice, were prematurely paid. (Proofs were offered that there were premature payments, but they cannot be entertained. The bill alleges otherwise, and must be taken as true on this motion. The motion is in lieu of a demurrer.) They cannot be called upon to interplead and to wait until the complainants are put in funds by a recovery of the moneys unwittingly paid the contractor. If, upon a proper case made against them they may be decreed to interplead, but then only upon paying the money into court upon final decree and for the good faith of which or to induce the court to grant relief pendente lite, it may be ordered paid in at the time of bill filed. Here the complainants make no offer to pay the money into court, nor, had they tendered, do they allege doubt exists as to the rightful parties among the stop-notice claimants to whom it is payable. None of *Page 264 
the claims is in dispute and under the statute they are payable in the order of their priority of which the bill indicates no confusion. The bill will be dismissed as to the stop-notice claimants.
As to Tomassi, the motion to dismiss will prevail with leave to amend by setting up the deception intended to be alleged by "upon being assured" that the stop-notice claimants "had been taken care of." The language is too indefinite as to a charge of fraudulent representation. If they are the deceptive words used and from which fraud is to be spelled out, the pleader must do the spelling. The claimants may maintain their action in this court for deceit. Equity has original jurisdiction in all cases of fraud; it, however, refrains from exercising it if the law courts afford an adequate remedy. If the relief in equity is more nearly complete, it entertains the cause. Here the decree will be to restore the money Tomassi got through his false pretense. At law, Tomassi's judgment will stand as warrant for taking the money and applying it in satisfaction of the debt. Whether the law courts may take cognizance of the complainants' equity against Tomassi and their equitable remedy to compel him to apply the money in discharge of the claims of the stop-notice claimants, and whether the measure of damage for being deprived of them by his deceit could be substantial or would be merely nominal, are debatable questions that do not confront the complainants in a court of equity and which they ought not to be required to test in a court of law. Jurisdiction over Tomassi is retained because the relief in equity is direct and the remedy more nearly complete than at law.
Hyers and Armstrong are parties defendant because, as charged, they were the attorneys of Tomassi and knew of his deceit. No relief is sought against them and as to them the bill will be dismissed. *Page 265